RECEIVED
NOV 13 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 825
EMPLOYEE BENEFIT FUNDS AND THE
TRUSTEES THEREOF,

        Petitioners,

v.

ARTS LANDSCAPING,

        Respondent.

Civ. No. 16-2059

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on Petitioners' Motion for Contempt. (ECF No. 9.) The motion is unopposed. For the following reasons, the motion is denied.

## BACKGROUND

The International Union of Operating Engineers Local 825 Employee Benefit Funds and the Trustees thereof ("Petitioners") had a collective bargaining agreement with Arts Landscaping ("Respondent"). (Pet. to Confirm Arbitration Awards, Ex. A, ECF No. 1-3.) Petitioners notified Respondent of alleged violations of that agreement and that Petitioners would submit the matter to arbitration if the violations were not cured. (Pet. to Confirm Arbitration Awards ¶¶ 8–10, ECF No. 1; Pet'rs' Br. at 3, ECF No. 9-1.) After an arbitration hearing at which Petitioners appeared, on November 23, 2015 the Hon. Joel A. Pisano awarded Petitioners two arbitration awards; Respondent never appeared in person at the arbitration hearing or responded to notices concerning the hearing sent by certified and regular mail. (Pet'rs' Br. at 3.)

1

After Respondent was served with the arbitration awards by mail and failed to respond, Petitioners filed a petition to confirm the arbitration awards in this Court. (ECF Nos. 1, 2.) Although Respondent was served Petitioners' moving papers via certified mail, return receipt requested, and regular mail (*see* ECF No. 2-1), Respondent never appeared in the action. On May 12, 2016, this Court entered an Order confirming the arbitration awards and entering judgment against Respondent. (ECF No. 6.) That Order compelled Respondent to pay a cumulative total of $2,884.80, as well as submit to a payroll audit. (*Id.*)

After more than a year passed, on September 27, 2017, Petitioners served this Court's May 12, 2016 Order and an Information Subpoena on Respondent by certified mail, return receipt requested, and regular mail. (Pet'rs' Br. at 3; Fruchtman Decl., Exs. B–E, ECF No. 9-2.) On October 4, 2017, Petitioners moved to hold Respondent Arts Landscaping and its Principal "Arthur Bethanissa"[1] in contempt pursuant to Federal Rules of Civil Procedure 37 and 45. (ECF No. 7.) By letter on October 10, the Court advised Petitioners that their Motion was premature, as Respondent had fourteen days from the certified receipt date of the Information Subpoena to make payment or provide responsive answers to the Information Subpoena. (ECF No. 8 (citing *N.J. Bldg. Laborers Statewide Benefit Funds & Trustees Thereof v. Torchio Bros.*, 2009 WL 368364, at *1 (D.N.J. Feb. 11, 2009)).) The Court advised Petitioners to refile their motion if Respondent failed to make payment or respond by October 11, 2017. (*Id.*)

On October 13, 2017, Petitioners refiled their Motion for Contempt, indicating that Respondent had failed to make payment or respond to the Information Subpoena. (ECF No. 9.) As requested by Petitioners, as a preliminary step the Court issued an Order to Show Cause

---

[1] Petitioners refer to him as Arthur Bethanissa throughout their moving papers. (*See* ECF Nos. 7, 9.) Based on the Court's reading of the original collective bargaining agreement between the parties, the Owner of Arts Landscaping is named Arthur W. Bethanis Jr. *See* ECF Nos. 1-3, 7-2, 9-2. The legal effect of this oversight will be discuss *infra*.

signed on October 20th and filed on October 25, 2017 as to why Respondent and Mr. Bethanissa

should not be held in contempt, directing Respondent to file a written submission by October 31,

2017. (ECF No. 10.) Petitioners have not submitted any documentation to show that the Order to

Show Cause was properly served upon Respondent and Mr. Bethanissa, as the Order required.

(*See* ECF No. 10.) Respondent has yet to appear in this action or satisfy the Judgment. The Court

now considers the substance of Petitioners' contempt motion.

## **LEGAL STANDARD**

Before a finding of contempt, a court must "afford the Respondent due process rights of

notice and opportunity to be heard." *Torchio Bros.*, 2009 WL 368364, at *1 (citing *Harris v. City

of Philadelphia*, 47 F.3d 1311, 1322 (3d Cir. 1995)). In order to prove civil contempt pursuant to

Federal Rules of Civil Procedure 37 and 45, "the court must find that (1) a valid court order

existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the

order." *John T. ex rel. Paul T. v. Del. Cty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003)

(quoting *Harris*, 47 F.3d at 1326). These three elements must be proven by clear and convincing

evidence, *Harris*, 47 F.3d at 1321; *Roe v. Operation Rescue*, 919 F.2d 857, 870–71 (3d Cir.

1990), and all ambiguities must be resolved in favor of the party charged with contempt, *Harris*,

47 F.3d at 1326; *Andrews v. Holloway*, 256 F.R.D. 136, 141 (D.N.J. 2009).

## **ANALYSIS**

Petitioners argue that Respondent and its principal should be held in contempt for

knowingly disobeying (1) the Court's May 12, 2016 Order & Judgment and (2) the Information

Subpoena issued on September 27, 2017. Although two different rules govern civil contempt for

disobeying a court order, Fed. R. Civ. P. 37, and a subpoena, Fed. R. Civ. P. 45(g), the same

standard applies and thus the application is the same. As a preliminary matter, the Court finds

3

that both the May 12, 2016 Order & Judgment and the Information Subpoena issued on September 27, 2017 satisfy the standard for a valid court order. *See, e.g., Torchio Bros., Inc.*, 2009 WL 368364, at *2. The question thus becomes whether Respondent and "Mr. Bethanissa" knowingly disobeyed the orders, evincing conduct warranting the imposition of civil contempt.

Petitioners argue that it is "well established" that corporate officers may be held in contempt for failure to undertake corporate action compelled by a court. (Pet'rs' Br. at 5.) Petitioners cite cases from the Sixth, Seventh, and Eighth Circuits for the related and narrower proposition that "corporate officers may be held in contempt for failure of their corporations to pay past-due contributions to union benefits funds." (*Id.* (citing *Chi. Truck Drivers, Helpers & Warehouse Workers Union Pension Fund v. Bhd. Labor Leasing*, 406 F.3d 955, 957 (8th Cir. 2005); *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373 (6th Cir. 2003); *Cent. States, Se. & Sw. Areas Pension Fund v. Wintz Props., Inc.*, 155 F.3d 868, 876 (7th Cir. 1998)).) They do not cite precedent from this district or the Third Circuit in support of this proposition.

The Third Circuit has declined to impose civil contempt on corporate officers for violating a preliminary injunction restraining the corporation, holding that a corporate officer must be given proper notice, independent from notice to the corporation, that they will personally be held in contempt. *See Remington Rand Corp.-Delaware v. Bus. Sys., Inc.*, 830 F.2d 1256, 1259 (3d Cir. 1987). Courts in this district have therefore been reluctant to impose civil contempt on corporate principals without clear and convincing evidence that the principals themselves are properly notified of the pending contempt action. *See, e.g., N.J. Bldg. Laborers' Statewide Benefit Funds v. Ne. Const. Enterprises, Inc.*, 2009 WL 4666873, at *2 (D.N.J. Dec. 8, 2009) ("Service made on the corporate defendant does not, without more[,] establish[] that the

4

'corporate principal' had actual knowledge of the order which he is alleged to have disobeyed."); *N.J. Bldg. Laborers' Statewide Benefit Funds v. Excel Serv. & Const., Inc.*, 2009 WL 3335864, at *3 (D.N.J. Oct. 13, 2009); *N.J. Bldg. Laborers' Statewide Benefit Funds & the Trustees Thereof v. Gen. Civil Corp.*, 2009 WL 2778313, at *2 (D.N.J. Sept. 1, 2009). *But see Torchio Bros.*, 2009 WL 368364, at *1–2 (omitting any discussion of notice to the principal himself).

The case at bar is further complicated by the fact that Petitioners' moving papers (ECF Nos. 7, 9) and the Order to Show Cause adopted by this Court at Petitioners' urging (ECF No. 10) both referred to the principal of Respondent Arts Landscaping as "Arthur Bethanissa." Based on the Court's reading of the original collective bargaining agreement between the parties, the Owner of Arts Landscaping is in fact named Arthur W. Bethanis Jr., not Arthur Bethanissa. See ECF Nos. 1-3, 7-2, 9-2. Other Courts have found this kind of error highly persuasive in denying contempt, *see, e.g., Excel Serv. & Const., Inc.*, 2009 WL 3335864, at *3 ("[T]his name discrepancy introduces doubt into Excel Service's purported wrongdoing, and that doubt must be resolved in its favor.").

Another complicating factor is whether the Information Subpoena was properly served as required by Federal Rule of Civil Procedure 45. The Rule expressly contemplates personal service, Fed. R. Civ. P. 45(b)(1), and courts of this district are divided about whether service by certified mail is substantially equivalent notice and therefore sufficient to establish knowledge under the contempt prongs, *see Torchio Bros.*, 2009 WL 368364, at *2 (collecting cases); *see also Alfamodes Logistics Liab. Co. v. Catalent Pharma Sols., LLC*, 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011) (describing the practice of allowing service by certified mail to satisfy the requirements of Rule 45 as "a minority-held position among the federal courts").

5

The Court has divined based on public records that the address given for Arts Landscaping is a residential address that appears to be owned by Mr. Bethanis himself. Moreover, the Court is satisfied that the Order & Judgment and Information Subpoena were actually delivered to that address based on the photocopies of the return receipt supplied by Petitioners. (Fruchtman Decl., Ex. E.) However, given the defect in the type of service, the discrepancy in the name of the principal, and the demanding evidentiary standard, the Court finds it would be inappropriate to impose the severe penalty of civil contempt requested by Petitioners, who proposed a daily fine of $300 for every day the Judgment goes unpaid as well as issuance of a warrant for the arrest of "Mr. Bethanissa." (Draft Contempt Order, ECF No. 9-2.) *See, e.g., Ne. Const. Enterprises, Inc.*, 2009 WL 4666873, at *2 ("Even were the Court to hold that Plewinski were presumptively aware of the order because the order was served on the corporation and knowledge of such service is attributed to the corporate principal, it would appear that such a presumption does not, without more, constitute clear and convincing evidence."). The primary method to enforce a monetary judgment is by writ of execution. *Gen. Civil Corp.*, 2009 WL 2778313, at *2 (citing Fed. R. Civ. P. 69(a)). Petitioners can seek to follow this method to enforce their judgment and take care to follow proper procedures for service. Therefore, Petitioners' Motion is denied.

## CONCLUSION

For the reasons stated herein, Petitioners' Motion is denied without prejudice. Moreover, this Court's Order to Show Cause (ECF No. 10) is vacated. An appropriate order will follow.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

6